**KENTUCKY BAR ASSOCIATION,**
**Petitioner,**

v.

**Rhonda McClure WATSON, Respondent.**

**No. 93–SC–871–KB.**

Supreme Court of Kentucky.

Dec. 22, 1993.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, Gardner L. Turner, Chair, Inquiry Tribunal, Lexington, for movant.

Rhonda McClure Watson, Campbellsburg, for respondent.

### ORDER OF TEMPORARY SUSPENSION

Pursuant to SCR 3.165(A), the Inquiry Tribunal filed a petition for temporary suspension against the respondent, Rhonda McClure Watson, on October 27, 1993. There has been no response to this Court's show cause order of October 28, 1993.

In April, 1992, respondent gave Nelson Malone a $2,000.00 check on her escrow account as payment of his share of a settlement in a case styled Mark Carder, et al v. Metcalf & Associates, Inc., et al, Civil Action 89–CI–230 that had been filed in the Henry Circuit Court. The $2,000.00 check was returned to Nelson Malone by the First Farmers Bank & Trust Company because there were insufficient funds in Watson's escrow account to pay the check. Nelson Malone presented Watson's check to her bank for payment on three occasions and it was dishonored on each. On September 21, 1993, the Inquiry Tribunal issued a two-count charge against respondent alleging that she mishandled or otherwise misappropriated $2,000.00 from her client Nelson Malone.

Respondent represented Dennis and Freda Kegley of Buena Vista, Virginia, as sellers of a certain parcel of realty. At closing, respondent received funds designated for payment of a note and mortgage held by Crestwood State Bank, Crestwood, Kentucky. On or about April 26, 1993, respondent tendered a check on account number 70019575 of the First Farmers Bank, Gratz, Kentucky, which was titled "Watson Escrow Account, Rhonda M. Watson." The check in the amount of $6,052.24 was made payable to Crestwood State Bank, and was issued in payment of the Kegleys' note and mortgage. The check was dishonored by the drawee bank. In August, 1993, after respondent was afforded numerous opportunities to make the check good, a representative of the Crestwood State Bank filed a criminal complaint against respondent alleging violation of KRS 514.040, theft by deception, a class D felony. Respondent was convicted of the offense of theft by deception, amended to a misdemeanor, and was sentenced to thirty days to serve conditionally discharged for two years in the Oldham District Court by judgment entered August 12, 1993. Although the record indicates respondent's conviction of a misdemeanor offense, the charge was amended from a felony and is substantial evidence that respondent has improperly dealt with client funds entrusted to her care.

This Court, in an entirely separate matter, entered an opinion and order suspending respondent for fifty-nine (59) days on September 30, 1993. This order indicates that respondent tendered a check during May, 1992, as a filing fee in Bankruptcy Court and that the check was returned for insufficient funds and the bankruptcy petition of the client was dismissed.

Upon the foregoing, it appears that reasonable cause exists to believe that unless an order of temporary suspension is issued, a real and present danger exists to the public. Accordingly, IT IS ORDERED that the respondent, Rhonda McClure Watson, be and she is hereby temporarily suspended from the practice of law in the Commonwealth until further order of this Court. Within twenty (20) days from the date of the entry of this order of suspension, respondent shall notify all clients in writing of her inability to continue to represent them and shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

 

/s/ Robert F. Stephens
CHIEF JUSTICE