**610**

KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Rhonda McClure WATSON, Respondent.

No. 96–SC–752–KB.

Supreme Court of Kentucky.

Dec. 19, 1996.

Barbara Rea, Kentucky Bar Association, Frankfort, for Complainant.

Rhonda McClure Watson, New Smyrna Beach, FL, pro se.

**OPINION AND ORDER**

Rhonda McClure Watson was charged with four separate client complaints each containing multiple counts. Following is a brief recitation of the charges and the disposition thereof.

Watson, originally from Campbellsburg, Kentucky, and whose last known address was New Smyrna, Florida, did not respond to any of the charges. She was admitted to practice law in Kentucky in 1989. She was suspended for 59 days on September 30, 1993, *Kentucky Bar Assn. v. Watson,* Ky., 862 S.W.2d 317 (1993). She was temporarily suspended on December 22, 1993, *Kentucky Bar Assn. v. Watson,* Ky., 867 S.W.2d 191 (1993), and disbarred on April 21, 1994, *Kentucky Bar Assn v. Harris,* Ky., 875 S.W.2d 97 (1994).

In Charge No. 4001, Rhonda McClure Watson represented a client in a dissolution action. A court approved settlement was entered into which provided that Watson would collect the proceeds of a sale of property and was to make disbursements and provide an accounting. Watson did collect the proceeds of the sale but failed to make a disbursement of $1,500.00 and did not provide an accounting of the proceeds collected.

She was charged by the Inquiry Tribunal of the Kentucky Bar Association on two counts. Count I was a violation of SCR 3.130–1.15(b) for failure to promptly deliver funds to a client or third person entitled to receive said funds and render an accounting. Count II was a violation of SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

The Board of Governors of the Kentucky Bar Association unanimously found Watson guilty of both counts. The Board also unanimously recommended disbarment. Upon our review of the record we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association on Charge No. 4001.

Therefore, it is ordered that Watson is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

◼ In Charge No. 4019, Rhonda McClure Watson has been convicted of two counts of misdemeanor theft, one count of felony theft by deception and one felony count of theft by failure to make required disposition of property.

She was charged by the Inquiry Tribunal of the Kentucky Bar Association on three counts. Count I was a violation of SCR 3.130–1.15(a) and (b) for failure to deposit and to maintain intact and to transfer promptly funds received on behalf of a client. Count II was a violation of SCR 3.130–8.3(b) and (c) for engaging in professional misconduct by committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness. Count III was a violation of SCR 3.130–8.3(b) and (c) for conduct involving fraud, deceit, dishonesty and misrepresentation which reflect adversely upon Watson's honesty, trustworthiness and fitness as a lawyer by engaging in criminal conduct.

The Board of Governors of the Kentucky Bar Association unanimously found Watson guilty of all three counts. The Board also unanimously recommended disbarment. Upon our review of the record we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association on Charge No. 4019.

Therefore, it is ordered that Watson is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

◼ In Charge No. 4029, Rhonda McClure Watson represented two clients in an action for damages due to injuries sustained in a vehicular collision but failed to prosecute their claim. Additionally, she failed to keep her clients reasonably informed about the status of the matter.

She was charged by the Inquiry Tribunal of the Kentucky Bar Association on two counts. Count I was a violation of SCR 3.130–1.1 for failure to provide competent representation to a client. Count II alleges a violation of SCR 3.130–1.4(a) and (b) for failure to keep a client reasonably informed about the status of a matter.

The Board of Governors of the Kentucky Bar Association unanimously found Watson guilty of both counts. The Board also unanimously recommended disbarment. Upon our review of the record we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association on Charge No. 4029.

Therefore, it is ordered that Watson is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

◼ In Charge No. 4037, Rhonda McClure Watson represented a client in a bankruptcy matter. She failed to file the bankruptcy petition after being paid $670.00. She also failed to notify her client that during the pendency of her representation of him she was suspended from the practice of law by order of this Court dated December 22, 1993. Moreover, she failed to notify any of her clients that she was suspended from the practice of law.

She was charged by the Inquiry Tribunal of the Kentucky Bar Association on three counts. Count I was a violation of SCR 3.130–1.3 for failure to act with reasonable diligence and promptness in representing a client. Count II was a violation of SCR 3.130–1.16(d) for failing to take steps, after termination of representation, to protect a client's interest. Count III was a violation of SCR 3.130–3.4(c) for knowingly or intention-

ally disobeying an obligation under the rules of a Tribunal.

The Board of Governors of the Kentucky Bar Association unanimously found Watson guilty of both counts. The Board also unanimously recommended disbarment. Upon our review of the record we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association on Charge No. 4037.

Therefore, it is ordered that Watson is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

It is further ordered that in regard to each of the charges:

1) Watson shall not be permitted to engage in the practice of law in Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating her license and membership in the Kentucky Bar Association.

2) Any application for reinstatement shall be governed by SCR 3.520 or any subsequent amendment thereto regarding reinstatement in case of disbarment.

3) Watson is directed to pay the costs of these actions in the amounts of $29.55 (No. 4037); $35.95 (No. 4001); $48.52 (No. 4029) and $257.60 (No. 4019).

4) Pursuant to SCR 3.390, Watson is hereby ordered to provide notice to any clients, if applicable, she currently represents of her inability to provide further legal services, to notify all courts in which she has matters pending of her resignation under terms of disbarment and to provide the director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

This order is in addition to the previous order of disbarment for different violations of the disciplinary rules found in *Kentucky Bar Assn. v. Harris*, Ky., 875 S.W.2d 97 (1994). Any application for reinstatement may not be filed until the completion of the period of disbarment directed by this Opinion and Order.

All concur.

ENTERED: December 19, 1996.

/s/ Robert F. Stephens
Chief Justice